COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



ERIC TORRES, § No. 08-12-00349-CR

Appellant, § Appeal from the

v. § 409th District Court

THE STATE OF TEXAS, § of El Paso County, Texas

Appellee. § (TC#20100D05480)

§

## MEMORANDUM OPINION

After Appellant Eric Torres pleaded guilty to aggravated robbery, the trial court deferred further proceedings without entering an adjudication of guilt, and placed Appellant on ten years' deferred-adjudication probation. The State later filed a motion to adjudicate guilt based on alleged violations of the terms of Appellant's adult probation. At the adjudication hearing, Appellant pleaded true to the allegations and the trial court revoked Appellant's probation and adjudicated him guilty. Pursuant to a plea bargain with the State, the trial court sentenced Appellant to five years' imprisonment.

Appellant's court-appointed counsel has filed a brief in conjunction with a motion to withdraw in which she states that she has thoroughly reviewed and evaluated the record and has

presented a potential point of error on appeal. However, counsel opines that no arguable grounds for reversal exist and that any appeal would lack merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, *reh. denied*, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Appellant received a copy of counsel's brief and was advised of his right to review the appellate record and file a *pro se* brief. We have not received a response from Appellant.

In the brief, appellate counsel identifies one potential point of error alleging that the trial court erred in denying Appellant's motion for new trial to withdraw pleas because his plea was rendered involuntary when Appellant was coerced into entering the plea by the trial court and his attorney. Appellant's counsel candidly states that there is nothing in the record that could be construed as coercion by either the trial court or defense counsel and that there is nothing in the record indicating that Appellant's plea was anything but voluntary. Counsel then concludes that the potential point of error is without merit and that no errors were committed that would merit asking this Court to reverse Appellant's conviction and sentence.

We may not address the merits of issues raised in an *Anders* brief, or those presented in a *pro se* response. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We may only consider whether: (1) the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and found no reversible error; or (2) arguable grounds for appeal exist, and if so, remand the case to the trial court so that new counsel may be appointed to address those issues. *Id.* Having carefully reviewed the record and appellate counsel's brief, we find no reversible error. We agree with appellate counsel's assessment that there are no

2

arguable meritorious grounds for review.     Accordingly, we affirm the trial court's judgment.


                                            GUADALUPE RIVERA, Justice

April 9, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)